FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 08, 2024

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STEVEN SWANSON,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

NO: 2:24-CV-0227-TOR

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 4). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and the files herein and is fully informed. For the reasons discussed below, Defendant's motion to dismiss (ECF No. 4) is **GRANTED**.

**BACKGROUND**

This case concerns a tort claim filed under the Federal Tort Claims Act ("FTCA") related to injuries from a routine dental procedure. Plaintiff's complaint alleges the following facts. On January 25 and 26, 2021, Plaintiff received dental

care for scaling and root planning at Moses Lake Community Health ("MLCH"). ECF No. 1 at ¶ 3.1. As part of the procedure, Plaintiff was given oral injections including an inferior alveolar ("IA") nerve block and Septocaine, a local anesthetic, to numb his mouth. *Id.* at ¶ 3.3. The IA works by delivering anesthetics to the pterygomandibular space through which the lingual and inferior alveolar nerves travel. *Id.* at ¶¶ 3.4, 3.5. The IA injection carries risks of injury to either nerve which can lead to altered sensations in the lips, chin, teeth, gums, and tongue. *Id.* at ¶ 3.4.

After receiving the oral injection, Plaintiff had pain on the left side of his tongue which escalated after the numbness wore off. ECF No. 1 at ¶¶ 3.6, 3.7. Plaintiff's pain in the left side of his tongue persisted for many months until Plaintiff eventually visited a neurologist in June 2021 where he was informed it could take up to a year for the symptoms to subside. *Id.* at ¶ 3.8. By the end of 2021, Plaintiff's injury had improved some but still persisted. *Id.* at ¶¶ 3.11, 3.12. In March 2022, Plaintiff attempted to obtain his medical records from MLCH but was unable to do so until February 2023. *Id.* at ¶ 3.13-3.23. The medical records included three pages of dental records that did not contain an "informed consent" form for the IA block administered. *Id.* at ¶ 3.25. Plaintiff subsequently filed an administrative tort claim with the Department of Health & Human Services ("HHS") on September 14, 2023, however, on March 28, 2024 HHS denied the

claim for being outside of the FTCA's two-year statute of limitations. ECF No. 4 at 3. Plaintiff filed the present complaint with this Court July 1, 2024. ECF No. 1. Defendant United States now seeks dismissal for a lack of subject matter jurisdiction due to the suit being time barred pursuant to 28 U.S.C. § 2401(b). ECF No. 4.

## DISCUSSION

### I. Motion to Dismiss Standards

A motion to dismiss may be brought for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court's review of a facial attack is limited to the allegations in the complaint, whereas the Court "need not presume the truthfulness of the plaintiff's allegations" in a factual attack and can consider evidence outside the complaint. *Id.* If the jurisdictional attack is successful, the Court must dismiss the action. Fed. R. Civ. 12(h)(3). The party invoking the Court's jurisdiction bears the burden of proving its existence. *Thompson v. McCombe*, 99 F.3d 352, 352 (9th Cir. 1996). Defendant brings a Rule 12(b)(1) factual attack; therefore, the Court considers Defendant's proffered documents in its analysis.

Plaintiff asks the Court to employ a standard of review applicable to a motion for summary judgment because the jurisdictional issue and substantive

claims "are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987). The Court disagrees. The question of jurisdiction and the merits of the action are normally intertwined where "a statute provides the basis for both the subject matter jurisdiction of the federal court and plaintiff's substantive claim for relief." *Timberland Lumber Co. v. Bank of America*, 549 F.2d 597, 602 (9th Cir. 1976); *see, e.g.*, *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983) ("The ability of [the plaintiff] to allege a claim that comes within the definitional reach of the [Petroleum Marketing Practices Act] is a matter that goes to the merits of the action."). That is not the case here. The jurisdiction question and the merits of the action are governed by two distinct statutes; one state and one federal. The questions are not so intertwined as to warrant a review under summary judgment standards. Thus, the Court need not presume Plaintiff's allegations as true. *Rosales*, 824 F.2d at 803.

II. The Federal Tort Claims Act

"The Federal Tort Claims Act (FTCA) allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210 (2021). Thus, a claimant may bring an action under circumstances where the United States, as a private person, "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28

U.S.C. § 1346(b)(1). However, the FTCA requires that any such claim be filed with the responsible federal agency within two years after it accrues, and any suit filed within six months after a notice of denial by the responsible agency. 28 U.S.C. § 2401(b). Failure to meet either time limitation makes a subsequent lawsuit time barred. *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984).

III. Plaintiff's Claim

Plaintiff's present claim against Defendant is based on RCW 7.70.030(3) which creates a cause of action where the "injury resulted from health care to which the patient or his or her representative did not consent." RCW 7.70.030(3). To succeed on such a claim, a claimant must prove four elements by the preponderance of evidence:

a) That the health care provider failed to inform the patient of a material fact or facts relating to the treatment;

b) That the patient consented to the treatment without being aware of or fully informed of such material fact or facts;

c) That a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact or facts;

d) That the treatment in question proximately caused injury to the patient.

RCW 7.70.050(1).

While a signed consent form may be prima facie evidence that a patient gave his informed consent, the failure to use a form is not admissible as evidence of a failure to obtain informed consent. RCW 7.70.060(1), (5).

IV. Statute of Limitations

Defendant contends that Plaintiff's claim must be dismissed because it is untimely under the FTCA two year statute of limitations. Defendant first asserts that the claim accrued on the date Plaintiff received the IA injection, January 26, 2021, which was allegedly done without informed consent. ECF No. 4 at 6. Defendant further argues that the "discovery rule" is not implicated in this case because Plaintiff noted the injury to his tongue on the day of the injection and who caused it. *Id.* at 7-8. But even if the "discovery rule" did apply, Plaintiff argues the accrual date was no later than June 2, 2021 when the neurologist diagnosed Plaintiff with a nerve injury from the injection. *Id.* at 8.

Plaintiff argues that an informed consent claim is a separate distinct claim from medical negligence that focuses on an individual's right to choose what happens to their body rather than whether the physicians actions fell below the required standard of care. ECF No. 6 at 5. As such, Plaintiff asserts his claim did not accrue until he was made aware his right to choose was deprived after reviewing is medical records in February 2023. *Id.* Plaintiff explains he was told the side effects would resolve soon; therefore, he did not know he should have

received informed consent until a year later when he worried the injury was likely to be permanent. *Id.* at 7-8. At that point, he exercised reasonable diligence in discovering whether he had received informed consent. *Id.* at 8. Defendant counters that whether an injury becomes permanent or not is immaterial to an accrual of the claim, and Plaintiff's uncertainty on whether he signed an informed consent form is irrelevant to a statute of limitations analysis. ECF No. 8 at 4-7. The Court agrees.

As an initial matter, the Court agrees with Plaintiff that a failure to give informed consent claim is distinct from a medical negligence claim. *Buckland v. Univ. of Washington*, 137 Wash. 2d 651, 659 (1999) ("Negligence and informed consent are alternative methods of imposing liability on a health care practitioner."). However, the Court disagrees with Plaintiff's argument as to the appropriate date of accrual.

For FTCA purposes, the discovery rule usually applies in cases involving medical malpractice or hidden injuries. *In re Swine Flu Products Liab. Litig.*, 764 F.2d 637, 639 (9th Cir. 1985). In the medical malpractice context, the discovery rule postpones the accrual of a claim under the FTCA until the plaintiff discovers, or should have discovered, his injury and its causes. *Id.* In such cases applying the discovery rule, the general tort rule that the claim accrues at the time of the injury is superseded because "the nature of the tort itself and the character of the injury

will frequently prevent knowledge of what is wrong, so that the plaintiff is forced to rely upon what he is told by the physician." *Id.* As the Ninth Circuit explained in *Davis v. United States*, 642 F.2d 328, "[w]ith the knowledge of the fact of injury and its cause the malpractice plaintiff is on the same footing as any negligence plaintiff. . . . The burden is then on plaintiff to ascertain the existence and source of fault within the statutory period." *Id.* at 331 (holding once plaintiff learned a vaccine caused his paralysis, the statute began to run) (citing *United States v. Kubrick*, 444 U.S. 111, 124 (1979) (refusing to hold the statute does not run until the plaintiff is led to suspect negligence)). Thus, once a plaintiff is aware of his injury and its cause, the statute starts to run.

Plaintiff's claim here is not medical malpractice or medical negligence, but the underlying principles of the discovery rule remain the same. Plaintiff suffered his injury the day of the IA injection and knew the injection was the cause. ECF No. 1 at ¶¶ 3.6, 3.7, therefore the discovery rule is inapplicable. However even if it was, Plaintiff knew or reasonably should have known of his injury after his appointment with the neurologist June 2, 2021. ECF No. 5-1 at 2-3. Plaintiff's argument that the statute was tolled until he was able to review his medical records for evidence of informed consent is the very conduct tolling is prohibited for—ascertaining the existence of Defendant's fault.

Therefore, the Court finds, even with the discovery rule, Plaintiff's claim accrued no later than June 2, 2021. Because Plaintiff did not file his administrative claim with HHS until September 14, 2023, his claim is barred pursuant to 28 U.S.C. § 2401(b), and therefore must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 4) is **GRANTED**.
2. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED with prejudice**.

The District Court Executive is hereby directed to enter this Order, furnish copies to counsel, enter judgment for Defendant, and **CLOSE** the file.

**Dated** November 8, 2024.




THOMAS O. RICE
United States District Judge